FILED

June 2, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:45 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lee A. Walton, Sr. | ) | Docket No. 2015-08-0306 |
| | ) | |
| v. | ) | |
| | ) | State File No. 60505-2015 |
| Averitt Express, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Certified as Final – Filed June 2, 2017

---

The employee alleged an acute injury or compensable aggravation of his pre-existing neck and back condition after jumping or falling from the back of a trailer at work. Following an expedited hearing at which the trial court declined to order the initiation of benefits, the parties proceeded to a final compensation hearing. The trial court issued a compensation order denying the employee's claim for benefits, and the employee has appealed. We affirm the trial court's decision, dismiss the employee's case, and certify the trial court's order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Lee A. Walton, Sr., Brighton, Tennessee, employee-appellant, pro se

Gregory C. Morton, Southaven, Mississippi, for the employer-appellee, Averitt Express, Inc.

Lee Walton ("Employee") worked for Averitt Express ("Employer") as a truck driver. In August 2014, he suffered injuries to his neck and back. After returning to work, he reported suffering another accident on January 15, 2015, when he jumped or fell from a trailer while attempting to avoid a heavy rolling container.[2] It is this second alleged accident that was the subject of Employee's petition for benefit determination. In his affidavit, Employee asserted he suffered increased pain and other symptoms after the second accident. He further alleged that he underwent a cervical fusion as a result of the January 2015 accident. Employer denied the claim, asserting that Employee failed to come forward with evidence that his medical condition arose primarily out of his employment.

In early 2016, Employee filed a request for an expedited hearing, seeking temporary disability and medical benefits. The trial court issued an order denying the requested benefits on March 7, 2016.[3] Subsequently, after several continuances, the court conducted a final compensation hearing on February 8, 2017. We have no record of the testimony offered at the compensation hearing. Thereafter, the trial court issued a compensation order denying benefits. Employee has appealed.

As we have noted in the past, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or statement of the evidence, and fails to offer any substantive argument on appeal. Without a transcript or a statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as summarized in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Review of a trial court's decision is accompanied by a presumption that the factual findings are correct. Tenn. Code Ann. § 50-6-239(c)(7) (2016). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Britt*, 2007 Tenn. App. LEXIS 38, at *7. *See also Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved,

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] The parties did not provide a transcript of the compensation hearing. We have gleaned the facts from the pleadings, Employee's affidavit, exhibits, and the trial court's compensation order.

[3] The trial court's expedited hearing order is not included in the record on appeal.

would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court," *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 (Tenn. Ct. App. Dec. 21, 2012).

Moreover, Employee has offered no substantive argument explaining how he believes the trial court erred in denying his claim. Attached to his notice of appeal was an email in which Employee asserted that the "trial judge erred in his decision," that the "reason was unfair," and that Employer had wrongly "denied [him] medical treatment." The remainder of the email contains no recitation of the facts of the case, no issues presented for review, and no substantive legal argument. In short, Employee has not made any argument in support of his appeal, and we decline to do so for him. We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). The trial court in this case concluded that Employee had failed to present any expert medical opinion supporting his assertion that his medical conditions and his need for surgery arose primarily out of the January 15, 2015 work accident. Employee has not alleged on appeal that the trial court disregarded any such expert medical opinion or that any other evidence offered at trial supported his claim. Consistent with established Tennessee law, we presume the trial court's decision is supported by the evidence.

The trial court's order is affirmed, Employee's case is dismissed, and the order is hereby certified as final.

3



**FILED**

**June 2, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:45 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lee A. Walton, Sr. | ) | Docket No. 2015-08-0306 |
| | ) | |
| v. | ) | State File No. 60505-2015 |
| | ) | |
| Averitt Express, Inc. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of June, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Lee A. Walton, Sr. | | | | | X | leewltn@gmail.com |
| Gregory C. Morton | | | | | X | greg@sparkman-zummach.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov